IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

No. 5:08-CR-279-FL
No. 5:14-CV-345-FL

| | |
|---|---|
| SHAWN BARBER, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) **ORDER** |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Respondent. | ) |

This matter comes before the court on petitioner's motion to vacate under 28 U.S.C. § 2255 (DE 40), and the government's motion to dismiss (DE 45). Petitioner responded to the motion to dismiss. In this posture the issues raised are ripe for ruling. For the following reasons, the court grants the government's motion and dismisses petitioner's motion.

**BACKGROUND**

Petitioner pleaded guilty pursuant to a written plea agreement to conspiracy to distribute and possess with intent to distribute 50 grams or more of cocaine base (crack), in violation of 21 U.S.C. § 846 (count 1); and possession of a firearm in furtherance of a drug-trafficking crime, under 18 U.S.C. § 924(c) (count 2). On May 13, 2009, petitioner was sentenced to a term of 182 months on count 1 and a term of 60 months on count 7 to be served consecutively, producing a total term of 242 months. Petitioner did not appeal.

On June 12, 2014, petitioner filed the instant § 2255 motion, asserting three claims: (1) that petitioner's criminal history was improperly calculated, in light of United States v. Simmons, 649 F.3d 237 (4th Cir. 2011); (2) that the court improperly imposed sentencing enhancements, including career offender enhancement, on the basis of prior convictions, in violation of Alleyne v. United

States, 113 S. Ct. 2151 (2013); and (3) the court miscalculated drug quantity. The government moves to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on the basis that the claims are untimely and barred by the waiver in petitioner's plea agreement. Because the court agrees that the claims are untimely, the court dismisses the petition on that basis.

## DISCUSSION

A.      Standard of Review

Under § 2255(b), "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." To survive a motion to dismiss, a pleading must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (internal quotations omitted). In evaluating such a motion, "a court accepts all well-pled facts as true and construes these facts in the light most favorable to the [pleader]," but does not consider "legal conclusions, elements of a cause of action, and bare assertions devoid of further factual enhancement." Nemet Chevrolet, Ltd.v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009). Nor must the court accept "unwarranted inferences, unreasonable conclusions, or arguments." Id. (quotations omitted).

B.      Analysis

Under the Antiterrorism and Effective Death Penalty Act of 1996, § 2255 claims are subject to a one-year statute of limitations, which runs from the latest of –

(1) the date on which the judgment of conviction becomes final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;

2

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f)(1–4).

Petitioner's motion is untimely under each prong of § 2255(f). As to the first prong, petitioner's motion was filed June 12, 2014, well over one year after the original judgment became final. With respect to the second prong, there is no alleged impediment to making the motion created by governmental action. With respect to the fourth prong, no new facts supporting the claims have been discovered.

Finally, with respect to the third prong, the Supreme Court has not recognized a new rule of substantive law retroactively applicable to cases on collateral review on the basis of Simmons or Alleyne. Petitioner argues that Alleyne qualifies as retroactively applicable on collateral review because the Supreme Court overruled its own precedent. But federal courts that have addressed this issue uniformly have held that, although announcing a new rule of law in overruling prior Supreme Court precedent, Alleyne does not apply retroactively on collateral review. See, e.g., Simpson v. United States, 721 F.3d 875 (7th Cir.2013); United States v. Stewart, 540 Fed. Appx. 171, 172 n. 1 (4th Cir. 2013).

Defendant suggests that the court otherwise should adjudicate his petition on the basis of a miscarriage of justice. Although an alleged improper sentencing enhancement in some circumstances may be cognizable as a miscarriage of justice if the defendant can show "actual innocence" by clear and convincing evidence, see United States v. Mikalajunas, 186 F.3d 490, 493 (4th Cir. 1999), such a claim is cognizable "only where the challenge to eligibility stems from

factual innocence of the predicate crimes, and not from the legal classification of the predicate crimes." United States v. Pettiford, 612 F.3d 270, 284 (4th Cir. 2010). Petitioner does not contend in this case that he is factually innocent of the predicate crimes used to determine his sentencing enhancements, but rather that the court improperly classified the crimes as predicates for the enhancements. In addition, no "miscarriage of justice" has occurred where the sentence imposed in this case was not greater than the statutory maximum applicable to the offenses absent the career offender sentencing enhancement. See United States v. Powell, 691 F.3d 554, 563 n. 2 (4th Cir. 2012) (King, J. dissenting in part and concurring in the judgment in part). Thus, any alleged error in the sentencing enhancement or calculation of the guidelines range in this case did not result in a miscarriage of justice.

In sum, the § 2255 petition must be dismissed as time barred.

A certificate of appealability may issue only upon a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner must demonstrate reasonable jurists could debate whether the issues presented should have been decided differently or that they are adequate to deserve encouragement to proceed further. Miller–El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 483 (2000). Applying the applicable standard, the court determines that a certificate of appealability is not warranted under the circumstances of this case.

## CONCLUSION

For the foregoing reasons, the government's motion to dismiss (DE 45) is GRANTED and petitioner's § 2255 motion (DE 40) is DISMISSED. A certificate of appealability is DENIED. The clerk is DIRECTED to close this case.

SO ORDERED, this 20th day of November, 2014.

LOUISE W. FLANAGAN
United States District Judge